UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | | |
|---|---|---|---|
| JOSEPH HEARN, | ) | | |
| | ) | | |
| Petitioner, | ) | No. | 2:12-cv-129 |
| | ) | | 2:09-cr-101 |
| v. | ) | | |
| | ) | Judge Jordan | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM OPINION**

Pro se Petitioner Joseph Hearn filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 492] on March 30, 2012. Respondent filed a response in opposition to Petitioner's § 2255 motion [Doc. 494], and thereafter, Petitioner submitted a reply [Doc. 495]. The motion, together with the files and record in this case, conclusively show that Petitioner is entitled to no relief under 28 U.S.C. § 2255. For the following reasons, the Court has determined an evidentiary hearing is unnecessary, *see United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993), and Petitioner's § 2255 motion[1] will be DENIED for lack of merit. Accordingly, Petitioner's motion for status report hearing [Doc. 496], motion for a ruling [Doc. 497], and motion to expedite ruling [Doc. 503] will be DENIED as moot.

**I. Procedural Background**

In October of 2010, a federal grand jury returned a six-count indictment, charging Petitioner and seventeen co-defendants with various drug and money laundering offenses [Doc.

---

[1] In accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Petitioner's § 2255 motion filed herein, and all the files, records, transcripts, and correspondence relating to Hearn's conviction in Criminal Docket No. 2:09-cr-101.

4]. Specifically, Petitioner was charged with conspiring to distribute, and possess with intent to distribute, at a quantity of pills containing oxycodone in violation of 21 U.S.C. §§ 846 and 841 (a)(1)(C) [*Id.*]. Petitioner pled guilty as charged pursuant to a plea agreement with Respondent [Doc. 202]. It was determined that Petitioner had a base offense level of 32, which was reduced by three levels for acceptance of responsibility. With a total offense level of 29 and a criminal history category of I, Petitioner's advisory Guidelines range was from 87 to 108 months. However, the Court granted Petitioner's motion for downward departure and he was sentenced to be imprisoned for a total term of 72 months, and ordered, upon release from imprisonment, supervised release for a term of 3 years [*Id.*].

Petitioner filed a direct appeal contesting that the below Guidelines sentence was excessive due to the crime admitted. The Sixth Circuit dismissed Petitioner's appeal based on the appellate-waiver provision in his plea agreement [Doc. 202].

Thereafter, Petitioner filed this § 2255 motion stating his claim as follows:

> I am a first time offender, there was no violence, I played a minor role, and plead guilty to what I truthfully did. Both co-conspirator's also plead out, so there was no other information that I had, but co-operated to the fullest extent requested of me.

[Doc. 494 p. 4]. In Petitioner's Reply to the Government's Response, Petitioner clarified the allegations asserted within his § 2255 motion. Petitioner stated that he seeks to receive a safety valve, therefore reducing his imprisonment sentence, by claiming "inadequate assistance of representation" [Doc. 495].

II.     **Standard of Review**

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside the sentence, on the grounds that:

2

> The sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…

28 U.S.C. § 2255. Petitioner has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles*, 568 F.2d 1, 5 (6th Cir. 1977); *Mayes v. United States*, 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000). It is a "well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Where a constitutional error is alleged in order to obtain relief under § 2255, the record must reflect a constitutional error of such magnitude it had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on § 2255 motion alleging a non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

The Court finds that Petitioner is attempting to recast the sentencing dispute as a constitutional error by claiming ineffective assistance of counsel. If this were permitted, then every sentencing dispute not raised on appeal could be repackaged in this fashion, and thus,

3

frustrate the lawful process for correcting judicial errors that a direct appeal provides. *See, United States v. Calderon*, 194 F.3d 1314. In *In re Howard Sonshine*, 132 F.3d 1133, 1135 (6th Cir.1997), the Court rejected such a tactic:

> Although couched in Sixth Amendment terms, the issue is basically one arising under the Sentencing Guidelines, which would be barred under both AEDPA and the abuse of the writ standard.

*Id.* at 1135. However, in light of the foregoing, the Court addresses Petitioner's § 2255 motion as follows.

### III. Discussion

#### A. Ineffective Assistance of Counsel

Petitioner alleges that his attorney provided inadequate assistance of representation pursuant to Title 18 U.S.C. § 3006(A), by failing to inform the Court of an agreed upon sentence reduction from a safety valve, as was previously agreed upon by the Petitioner and the Government [Doc. 495]. Petitioner is not seeking to undo his guilty plea, but rather is attempting to reduce his sentencing guideline level to less than 29 [*Id*]. Petitioner represents that there were extensive and detailed negotiations between the Government and Petitioner regarding the option of a safety valve before the plea agreement was submitted to the Court [*Id.*]. Petitioner argues that throughout the process of drafting the plea agreement, Petitioner's attorney "consistently invoked the option of the safety valve, which should have been available to the Petitioner upon determination of sentence" [*Id.*]. Although Petitioner received a three point reduction for his cooperation and a below Guideline sentence, Petitioner asserts that "[t]he fact that the court made a downward departure does not eliminate the prejudice to the Petitioner" [*Id.* at 3]. Petitioner claims that (1) the two point reduction would have reduced the low end of the guideline calculation, which was being recommended, below the 72 month sentence, and (2) if

4

the safety valve had been imposed, it is possible to determine how much of the downward departure the court might have given [*Id*.]. Petitioner argues that he relied upon the promise of a safety valve when agreeing to the terms set out in the plea agreement [*Id*.].

Petitioner alleges that an additional two point reduction from a safety valve was assured by his attorney prior to sentencing, and also after the agreement had been signed [*Id*.]. Admittedly, the safety valve itself was not mentioned in the plea agreement [*Id*.]. Moreover, at the sentencing hearing, neither the Government nor Petitioner's counsel submitted any recommendations based upon Petitioner's cooperation or in regard to the alleged safety valve. During Petitioner's plea colloquy, when asked by the Court if "[a]side from your plea agreement, has any officer or agent of the government promised or suggested that you would receive a lighter sentence or any other form of leniency, if you would plead guilty," Petitioner answered in the negative [Doc. 496]. "Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to the court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.1993), *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). This Court scrupulously followed the Rule 11 procedure, and Petitioner is bound by his sworn statements he made in response to the Court's inquiry under Rule 11.

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987); see also, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, Petitioner must establish, by identifying specific acts or omissions, that Counsel's performance was deficient and that Counsel did not provide "reasonably effective assistance," *Id*., as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and Petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17

5

(6th Cir. 2003); see also *Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, Petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; see also *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If a petitioner fails to prove that he sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

Petitioner's guideline range was computed at 87- 108 months, and he filed no objections to the pre-sentence report. At the sentencing hearing held on April 5, 2011, Petitioner's attorney stated "[w]e have no objections to anything in the Presentence Report that affects the computation of the sentence of the guideline range" [Doc. 478 p. 4]. The Court sentenced Petitioner to 72 months imprisonment; fifteen months below the minimum guideline range. The Court finds that Petitioner has failed to provide any evidence that the promise of a safety valve was involved in the plea agreement negotiations. Petitioner was provided multiple opportunities to address this issue prior to, or at the time of, the sentencing hearing. The Court finds that Petitioner failed to show that the actions or inactions of his counsel resulted in a miscarriage of justice, "was imposed in violation of the Constitution," was outside the scope of Court's

6

jurisdiction, or exceeded "the maximum authorized by law." 28 U.S.C. § 2255(a). Therefore, the Court finds that Petitioner failed to provide the necessary requirements to show ineffective counsel.

B.  **Reasonableness of Guideline Sentence**

Petitioner argues that his below Guidelines sentence of 72 months' imprisonment is excessive because, in his view, his participation in the conspiracy was "clearly aberrant behavior" and, other than his offense conduct in this case, was a "law abiding citizen" [Doc. 432].

Respondent argues that the Sentencing Guidelines recommended a sentence between 87 and 108 months' imprisonment, and the Court demonstrated leniency by granting Petitioner's motion for a below Guidelines sentence and sentencing him to 72 months' imprisonment [Doc. 494 p. 6]. Respondent argues that sentencing claims are not cognizable on collateral review and should be summarily dismissed. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996) ("nonconstitutional errors ordinarily are not cognizable on collateral review"); *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999) ("a direct appeal would have been the correct form in which to raise sentencing questions"); *Turner v. United States*, No. 99-5008, 1999 WL 777669, at *2 (6th Cir. Sept. 17, 1999) ("a motion to vacate under § 2255 does not serve as a substitute for bringing a direct criminal appeal"). The Court agrees that Petitioner has not made any such showing.

Alleged Guideline violations do not constitute error that result in a "complete miscarriage of justice" or in a proceeding "inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 784 (1979). Within Guidelines sentences are presumptively reasonable. E.g., *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en

7

banc). In this case, the Court ordered a sentence below the suggested guidelines. The Court gave its reasons for imposing a 72 month sentence. At the sentencing hearing the Court stated "Now I want you to know that I have granted you a variance from your guideline range, which was 87 to 108 months" [Doc. 478 p. 28]. The Court stated that it considered the nature and circumstances of the offence, the history and characteristics of the Petitioner, the Advisory Guideline Range, as well as the other factors set forth in Title 18 U.S.C. Section 3553(a), and pursuant to the Sentencing Reform Act of 1984. Because the Court considered the § 3553(a) factors and adequately explained its reasons, the sentence is procedurally reasonable. *See, e.g., United States v. Vowell*, 516 F.3d 503, 513 (6th Cir. 2008). The sentence is substantively reasonable because it is "proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes of § 3553(a)." *Id*. at 512 (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). Petitioner affords no basis upon which relief may be granted.

### IV. Conclusion

Petitioner has failed to demonstrate he is entitled to relief under § 2255. Petitioner's motion to vacate, set aside or correct sentence **[Doc. 492]** will be **DENIED**, and all other motions pending **[Doc. 496, 497, 503]** will be **DENIED as moot**. This action will be **DISMISSED**.

The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of

8

Case 2:09-cr-00101-RLJ   Document 516   Filed 09/08/15   Page 8 of 9   PageID #: 1993

appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

      **AN APPROPRIATE ORDER SHALL ENTER.**

      ENTER:

                                                      s/Leon Jordan
                                          United States District Judge